## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MATHEW TRONE,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **NATIONS LENDING CORPORATION**, a foreign corporation, | |
| | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Mathew Trone ("Trone" or "Plaintiff") is a resident of the State of Delaware residing at 18 Beaver Dam Reach, Rehoboth Beach, DE 19971.

2. Defendant Nations Lending Corporation ("Nations Lending" or "Defendant") is a foreign corporation whose registered agent for service of process is National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 710, *et seq.*

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

5. Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as the acts alleged as the basis for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and under the Delaware Discrimination in Employment Act, to redress the wrongs done to him by Defendant's discrimination against him on the basis of his sexual orientation.

7. Plaintiff timely submitted a complaint of discrimination based on his sexual orientation to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the DDOL and from the EEOC.

9. Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue from the EEOC.

10. Plaintiff was hired by Defendant as a Loan Officer on or about October 6, 2019.

11. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

12. Plaintiff was the only gay male working at the Rehoboth, Delaware office.

13. Plaintiff was told by management that the did not fit into the culture of the office or the company.

14. Plaintiff's employment with Defendant was terminated on September 16, 2020.

15. Plaintiff was subjected to differential treatment on the basis of his sexual orientation by agents of the Defendant, including but not limited to retaliation and termination of his employment.

16. The reason proffered by Defendant for Plaintiff's termination, i.e., lack of production, was pretextual and intended to mask the true reason for Plaintiff's termination, i.e., discrimination against the Plaintiff on the basis of his sexual orientation.

17. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency, the doctrine of respondeat superior, and pursuant to the ratification of the agents' actions by Defendant.

18. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I - TITLE VII

19. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 18 hereinabove.

20. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of his sexual orientation in violation of 42 U.S.C. § 2000e *et seq*.

21. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of his sexual orientation in violation of 42 U.S.C. § 2000e *et seq*.

22. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. punitive damages;

e. pre-judgment and post-judgment interest;

f. attorney's fees; and

g. any other relief that this Court deems just.

## COUNT II – DDEA

23. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 31 hereinabove.

24. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of his sexual orientation in violation of 19 *Del. C.* § 710, *et seq.*

25. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of his sexual orientation in violation of 19 *Del. C.* § 710, *et seq.*

26. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. punitive damages;

e. pre-judgment and post-judgment interest;

f. attorney's fees; and

g. any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: /s/ Gary E. Junge
GARY E. JUNGE
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

Dated: September 30, 2022